## MARSHALL v. STATE.

A vote of a town, under Gen. Laws, c. 215, s. 16, to rescind a former vote by which an annual salary was established for the justice of a police court therein, does not abolish the court.

HABEAS CORPUS.

*J. Kivel*, for the plaintiff.

*C. K. Sanborn, S. M. Wheeler*, and *Copeland & Edgerly*, for the state.

STANLEY, J.   December 19, 1868, the town of Rochester voted an annual salary for the justice of a police court therein, under Gen. St., c. 196, s. 1 ; and on the subsequent appointment of a justice by the governor, a police court was fully constituted in that town.   March 2, 1882, the town voted to rescind the vote of December 19, 1868.   The plaintiff is in jail on a mittimus issued by a justice of the peace in Rochester, before whom he was convicted of an assault in May, 1882 ; and the question is, whether a justice of the peace had jurisdiction.   If there was a legally established police court in that town when the plaintiff was convicted and sentenced, his trial and commitment by a justice of the peace were unauthorized.   G. L., c. 252, s. 8.

The vote of rescission was passed under Gen. Laws, c. 215, s. 16, which provides that " Any town may rescind their vote establishing an annual salary for a police justice, and shall be no longer liable therefor ; in which case the justice and special justice of said court may receive and hold all fees accruing to them to their

own use." This statute, considered by itself, merely authorizes the rescission of the vote by which an annual salary was established for the police justice. It contains no phraseology indicating a purpose to give towns the power to abolish their police courts; and the last clause of the section is without meaning, and superfluous, unless police courts may exist after towns vote to abolish the salaries of the justices.

A general police-court law was passed in 1852, under which a police court was established in each town that adopted the provisions of the act and voted to pay the justice not less than $100 annually in full compensation for his services. Laws 1852, c. 1282, ss. 1, 7, 12. There was no provision authorizing a rescission of a vote adopting the act, or a refusal to pay a salary to the justice. By an amendment of this act, in 1854, any town was empowered " to rescind any vote by which said provisions shall have been so adopted;" and it was further enacted, that " all right to hold office by virtue of said act or any of its provisions, or to perform the duties thereof, shall cease and be fully determined upon the rescission of any vote for its adoption as aforesaid. And no such town shall be deemed liable for any salary or other compensation for services rendered thereafterwards by any officer therein named, and performed under the provisions of said act." Laws 1854, c. 1534, ss. 1, 2. This amendment allowed the town to abolish its police court by a rescinding vote; but until rescission, it remained liable for the salary. The present provision, allowing the town to rescind the salary and giving the justice the fees when his salary is rescinded (G. L., c. 215, s. 16), is a copy of Gen. St., c. 196, s. 14, which was proposed by the commissioners of revision in 1867 as a substitute for former law, and was marked by them as materially different. The difference between the amendment of 1854 and the substitute of 1867 is too great to admit a supposition that the legislature understood that one was a mere reënactment of the other. The vote of March 2, 1882, changed the mode of compensation, but did not abolish the court.

*Petitioner discharged.*

DOE, C. J., did not sit: the others concurred.